UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES E. FORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-1111 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER & OPINION

This case is before the Court on Petitioner James E. Ford's challenge to the duration of his confinement. The petition has been fully briefed. For the reasons discussed below, the petition is DENIED.

### BACKGROUND

Petitioner filed the instant petition in March of 2018, claiming he had not properly been credited time spent in federal custody prior to his guilty plea and sentencing toward his federal sentence. (Doc. 1) Although Petitioner filed the petition pursuant to 28 U.S.C. § 2255, the Court construed it as a petition under 28 U.S.C. § 2241 because it challenged only the duration of his sentence rather than the validity of his conviction and sentence. Text Order Entered Mar. 30, 2018. Respondent argues the petition should be dismissed for failure to exhaust administrative remedies and that Petitioner was not entitled to a time-served credit because the time spent in federal custody prior to his sentence being imposed was credited toward a state sentence. (Doc. 16-1).

In May 2009, Petitioner was arrested by state police and the State of Illinois filed several charges against him for robbery and unlawful use and possession of a firearm. (Doc. 16-2 at 12). On November 6, 2009, Petitioner was sentenced to 15 years imprisonment for aggravated robbery, with time-served credited toward that sentence. (Doc. 16-2 at 16). Petitioner was later convicted of armed robbery and sentenced to 25 years imprisonment, with the remaining charges dismissed. (Doc. 16-3 at 11).

In December 2009, a federal grand jury charged Petitioner with Possession of a Firearm by a Felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 4). On January 7, 2010, the United States Marshals Service took Petitioner into federal custody from state custody by means of a writ of habeas corpus *ad prosequendum* to be tried for his violation of § 922(g)(1). (Doc. 16-2 at 18–20). Petitioner pleaded guilty in May 2010, and on August 20, 2010, was sentenced to 110 months imprisonment, set to run concurrently with his 15 year state sentence (Doc. 16-2 at 22–27). The term of imprisonment expired on August 14, 2018, when he appears to have been released from federal custody. (Doc. 16-1 at 4).[1]

## DISCUSSION

Petitioner argues the BOP failed to properly credit his term of imprisonment for time he spent in federal custody while serving a state sentence. Federal prisoners may utilize 28 U.S.C. § 2241 to challenge the computation of their sentences. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).

---

[1] Respondent concedes that under *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) the petition is not moot, although Respondent has preserved the issue. (Doc. 16-1 at 11–12).

2

1. **Exhaustion**

Although there is no statutory exhaustion requirement for § 2241 petitions, "[a] common law exhaustion rule applies." *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The exhaustion requirement applies only where there is an available administrative remedy. *See Kane v. Zuercher*, 344 F. App'x 267, 268 (7th Cir. 2009) (noting the exhaustion requirement applies where administrative procedures are available); *Antonelli v. Gilkey*, No. 98-1197, 1999 WL 638518, at *2 (7th Cir. Aug. 19, 1999) ("Though the text of § 2241 does not explicitly require exhaustion, we have determined that in order to be eligible for habeas relief, a federal prisoner generally must exhaust any *available* administrative remedies.") (emphasis added). This common law rule "allows of exceptions" but "the hurdle is high." *Richmond*, 387 F.3d at 604. In determining whether exhaustion is excused, "sound judicial discretion governs." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)); *see also Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (recognizing four circumstances in which failure to exhaust is excused).

Respondent argues Petitioner failed to exhaust his remedies because he did not appeal his sentence calculation through the Bureau of Prisons' (BOP) Administrative Remedy Program. The Administrative Remedy Program, laid out at 28 C.F.R. § 542.10 *et seq.*, provides formal review of complaints relating to any aspect of an inmate's confinement. But the Administrative Remedy Program was not available to Petitioner. 28 C.F.R. § 542.10(b) provides: "This Program applies to all inmates in institutions operated by the Bureau of Prisons . . . . This Program does not

3

apply to inmates confined in other non-federal facilities." Petitioner has served his federal sentence in state custody. (Doc. 1 at 4; Doc. 16-1 at 4; Doc. 16-2 at 4).

28 C.F.R. § 542.10(b) also specifies that the Administrative Remedy Program applies "to former inmates for issues that arose during their confinement." An inmate at a state institution may therefore use this procedure in some circumstances, including when an inmate seeks time credited toward a federal sentence from serving a state sentence meant to be served concurrently. BOP Program Statement 5160.05. But the copious documentation provided by Respondent does not indicate Petitioner was ever incarcerated in an institution operated by the BOP. *See* (Doc. 16-2 at 18–19) (indicating that Petitioner was placed in the Peoria County Jail between when he was taken into federal custody and his plea, and that he was briefly in the Marshals Service's custody on August 20, 2010 for his sentencing). The administrative procedure does not apply to prisoners in the particular circumstances that Petitioner appears to find himself in—never incarcerated in an institution operated by the BOP but nonetheless serving a federal sentence. As long as the administrative procedure remains unavailable to such prisoners, they are not barred from filing petitions under 28 U.S.C. § 2241 for failure to exhaust.

2. **Credit for Time Served**

Petitioner argues that he should have been credited with time-served either from his indictment in December, 2009 or from when he was taken into federal custody, in January, 2010 until his sentencing in August, 2010. (Doc. 1 at 6).[2]

---

[2] Respondent appears somewhat confused on this point. The response points to a credit for time served of 143 days applied to Petitioner's 15-year term of imprisonment for aggravated robbery and suggests Petitioner is seeking credit from

4

Respondent counters that the time-served credit would be inappropriate since the time he spent in federal custody prior to his sentencing was credited against the state sentence for aggravated robbery. (Doc. 16-1 at 8–11).

Terms of imprisonment are deemed to begin when a defendant is taken into custody for transportation to, or voluntarily surrenders at the institution where the sentence is to be served. 18 U.S.C. § 3585(a). A credit for prior detention related to the offense of sentencing or charges for which the defendant was arrested after the offense of sentencing is only available if the time spent in detention "has not been credited against another sentence." 18 U.S.C. § 3585(b); *see also Manuel v. Terris*, 803 F.3d 826, 828 (7th Cir. 2015) ("[T]he state having already given [the defendant] that credit against his state sentence, the Bureau was forbidden by 18 U.S.C. § 3585(b) to credit that period against his federal sentence as well.").

A writ of habeas corpus *ad prosequendum* issued to allow federal custody over a state prisoner does not end state jurisdiction over a prisoner but rather "permits one sovereign to temporarily 'borrow' a person in the custody of another sovereign for the purpose of prosecuting him." *Loewe v. Cross*, 589 F. App'x 788, 790 (7th Cir. 2014). Accordingly, time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* issued to secure a state prisoner's presence in federal court is not credited toward a federal sentence. *McGhee v. Krueger*, No. 16-cv-1122, 2016 WL

---

the time from his arrest on May 24, 2009. (Doc. 16-1 at 10; Doc. 16-2 at 16). The 143 days referenced in the cited report appears to be the time Petitioner was incarcerated between arrest and his state sentencing. This time was credited to his state sentence before his federal indictment in December of 2009, and thus before the period which Petitioner claims should have been credited against his federal sentence—it has no relevance to Petitioner's instant petition. *See* (Doc. 16-2 at 5 (BOP analyst recognizing the 143 days credit as separate from the time in federal custody)).

4132179, at *2 (C.D. Ill. Aug. 3, 2016); *see also Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir. 1989). Petitioner's argument is therefore unavailing; he is not entitled to a credit against his federal sentence for time spent in federal custody awaiting his plea or sentencing.

## CONCLUSION

For the reasons stated, James E. Ford's petition (Doc. 1), construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, is DENIED.

This matter is now terminated.

SO ORDERED.

Entered this 20th day of September, 2018.

s/Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

6